WILLIAM L. CROW CONSTRUCTION COMPANY, Respondent, *v.* CARROLL P. BRENNAN, INC., Defendant, Impleaded with LONDON AND LANCASHIRE INDEMNITY COMPANY OF AMERICA, Appellant.

First Department, April 1, 1921.

**Principal and surety — action on undertaking containing limitation as to time within which action must be brought — disclaimer of liability by surety does not relieve plaintiff from commencing action within time limited.**

In an action on an undertaking to indemnify the plaintiff for the failure of a construction company to perform its contract, a disclaimer of liability by the surety, for the reason assigned by the construction company in repudiating the contract, does not relieve the plaintiff from bringing an action on the undertaking within the time specified therein.

APPEAL by the defendant, London and Lancashire Indemnity Company of America, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of May, 1920, on the decision of the court, rendered after a trial at the New York Trial Term, a trial by jury having been waived.

*James I. Cuff*, for the appellant.

*Frederick Hulse* of counsel [*Eidlitz & Hulse*, attorneys], for the respondent.

SMITH, J.:

A single question is presented upon this appeal. The action is upon an undertaking given by the appellant, the London and Lancashire Indemnity Company, to indemnify the plaintiff for the failure of the defendant, Carroll P. Brennan, Inc., to perform its contract as general contractor in constructing a school building in the town of Hackensack. The undertaking upon which suit is brought was made upon the 3d day of March, 1917, and it was therein provided that no claim or action should be brought against the appellant after the 3d day of March, 1918. A difference arose between

the plaintiff and the defendant, Brennan, Inc., as to the time when the property should be given to Brennan, Inc., for the purposes of doing the work provided for in the contract. Brennan, Inc., claimed that it was agreed that it should have possession of the premises in June, 1917, and because possession was not given at that time, Brennan, Inc., repudiated the contract. Thereupon claim was made against the defendant, the indemnity company, and the defendant, the indemnity company, wrote a letter disclaiming liability for the reasons assigned by Brennan, Inc., for repudiating the contract.

The Trial Term has held that this disclaimer of liability constituted a breach of the contract on the part of the indemnity company, so that the plaintiff was not bound by any of the terms of said contract and, therefore, was relieved from bringing the action before the 3d day of March, 1918, as provided in the contract. To this proposition we are unable to agree. The provision of the bond is as follows:

" *Second.* That no claim, suit or action by reason of any default shall be brought against the Principal or Surety after the 3d day of March, 1918, nor shall recovery be had for damages accruing after that date; that service of writ or process commencing any such suit or action shall be made on or before such date; that the principal shall be made a party to any such suit or action, and be served with process commencing the same if the Principal can with reasonable diligence be found; that no judgment shall be rendered against the Surety in excess of the penalty of this instrument."

To hold that a denial of liability under a contract is a waiver of the provision of the contract requiring the action to be brought within a certain limited time, seems paradoxical. Such a provision of the contract clearly contemplates a denial of liability and refusal to pay the same as the condition of its application.

In Joyce on Insurance (2d ed. § 3212), under contracts providing for a short Statute of Limitations, it is said: " The denial by the insurer of all liability under the policy, though it is a waiver of proofs of loss, does not waive bringing a suit within the time specified after the loss."

In *DeGrove* v. *Metropolitan Ins. Co.* (61 N. Y. 594) the defendant denied liability upon the policy and set up the

limitation in the policy that more than twelve months had elapsed since the making of any claim for loss or damage, and it was held that the answer was sufficient to enable the defendant to avail itself of the defense that the suit was not brought within the prescribed time.

The judgment for the plaintiff, therefore, cannot stand upon the ground on which it was placed by the trial court and the judgment must be reversed and a new trial granted, with costs to the appellant to abide the event. Assuming that this provision of the contract is not waived, the question still remains as to whether the defendant can take advantage of this provision of the contract without having answered under the provisions of section 413 of the Code of Civil Procedure, that the action was not commenced within the time limited. Under the view taken by the learned trial judge that question apparently was not argued before the court at Trial Term, and has not been argued before us and we do not care, therefore, to express any opinion thereupon.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

DOWLING, MERRELL and GREENBAUM, JJ., concur.

LAUGHLIN, J.:

I concur in the opinion of Mr. Justice SMITH, with the exception that I am of opinion that the commencement of the action within the time limited by the agreement was a condition precedent, to be alleged and shown by the plaintiff; and, therefore, I vote for reversal and dismissal.

Judgment reversed and new trial ordered, with costs to appellant to abide event. Settle order on notice.