## SPECHT v. BANKERS INDEMNITY INS. CO.

No. 196.

Circuit Court of Appeals, Second Circuit.

Jan. 20, 1944.

Maxwell H. Goldstein, of New York City, for appellant.

Richards W. Hannah, and Van Orman & Hannah, all of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The plaintiff recovered a judgment against the Walton Laundry Service, Inc., for the death of her intestate through the negligence of that company in the operation of an automobile. She issued execution upon the judgment, which was returned unsatisfied; no part of the judgment has been paid. The Walton Laundry Service, Inc., had taken out a liability insurance policy with the defendant, which provided for recovery only after judgment entered against the insured, or a written agreement made between it and the injured person with the written consent of the defendant; and also that action must be brought upon the policy within two years after the date of the judgment or agreement. The policy expressly incorporated a provision (as required by § 109(1) (now § 167(1) (a) of the Insurance Law of the State of New York, Consol.Laws c. 28) that the insolvency of the insured should not release the insurer, and that after return unsatisfied of execution upon any judgment against the insured, the injured party or his representative might sue the insurer. The plaintiff recovered judgment against the Walton Laundry Service, Inc., on December 5, 1935; and commenced this action on January 24, 1940.

To the defense that the action was too late, plaintiff replied: first, that the limitation was binding only upon the insured; and second, that when the defendant repudiated all liability upon the policy (as in fact it did), it waived the two years' limitation. The law of New York governs; and in Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 160 N.E. 367, 72 A.L.R. 1443, the Court of Appeals decided that the right of action created by § 109 of the Insurance Law in favor of the injured party was not intended to create an original obligation in his favor but a cause of action "for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment had been satisfied. The cause of action is no less but also it is no greater. Assured and

claimant must abide by the conditions of the contract" (page 275 of 247 N.Y., page 369 of 160 N.E., 72 A.L.R. 1443). Plaintiff attempts to distinguish that decision because the policy did not there incorporate the provision of the statute; but we cannot see on what theory that could make a difference. The argument that the defendant's repudiation of the policy abrogated the two years' limitation, is answered by William L. Crow Construction Co. v. Carroll P. Brennan, Inc., 196 App.Div. 71, 187 N.Y.S. 493, affirmed 233 N.Y. 635, 135 N.E. 949.

Judgment affirmed.