**LEONARDI**

v.

**STANDARD ACC. INS. CO. OF DETROIT, MICH.**

No. 212, Docket, 22998.

United States Court of Appeals, Second Circuit.

Argued March 11, 1954.

Decided May 14, 1954.

---

5. Capella v. Zurich General Accident Liability Ins. Co., 5 Cir., 194 F.2d 558.

888

Hamlet A. Smyth, Samuel Levy, Rochester, N. Y., for plaintiff-appellee.

Winchell, Macken & Goldwater, Rochester, N. Y., for defendant-appellant; Daniel E. Macken, Rochester, N. Y., of counsel.

Before CLARK, MEDINA and HARLAN, Circuit Judges.

MEDINA, Circuit Judge.

On June 28, 1945, Frank Alloco died as a result of injuries caused by an explosion which had occurred in a dry cleaning establishment operated in Rochester, New York, by the plaintiff-appellee, Leonardi, under the name of "Ace Cleaners." Alloco was an employee of "Ace Cleaners" and was engaged in the performance of his duties at the time of the accident. Gulf Oil Corporation had sold and delivered to "Ace Cleaners" the cleaning fluid or solvent which exploded, and a certain conversation, of which there were conflicting versions, had taken place between the Gulf Oil driver and Leonardi at the time of the delivery. It subsequently developed that there was also a genuine controversy on the subject of whether Alloco's death had been caused by the negligence of Gulf Oil or Leonardi, or both, and whether the negligence of Leonardi, if any, was "primary."

At the time of the accident there were in force two policies of insurance issued by defendant-appellant Standard to Leonardi, a Standard Workmen's Compensation and Employers' Liability policy and a Manufacturers' or Contractors' Schedule Liability policy. Neither of these policies covered liabilities arising out of any contractual obligations assumed by Leonardi nor any liability by way of third-party claims against Leonardi based on negligence.

On August 1, 1945, Alloco's administrator sued Gulf Oil in the New York Supreme Court, Monroe County, alleging negligence on the part of Gulf Oil; and Gulf Oil promptly, and in accordance with the New York procedure, asserted a cross-claim against Leonardi, who was served with a third-party summons and complaint on October 10, 1945, Alloco v. Gulf Oil Corp., Sup., 59 N.Y.S.2d 515. The prayer for judgment was that Leonardi be adjudged liable over to Gulf Oil for the amount of any judgment which Alloco's administrator might recover against Gulf Oil. Gulf Oil's third-party complaint against Leonardi set forth two causes of action: (1) that

Leonardi had expressly agreed to indemnify Gulf Oil against any loss or damages which it might sustain by reason of the use of the cleaning fluid by Leonardi or his employees; and (2) that the death of Alloco was due to the active and primary negligence of Leonardi and that the negligence of Gulf Oil, if any, was passive or secondary.

Leonardi requested Standard to assume the defense of the third-party action under either or both of its policies, but Standard, by a letter, dated November 12, 1945, refused.

Leonardi thereupon retained his own attorneys and the case was tried to court and jury at the May, 1946, term of the Supreme Court in Monroe County. The trial lasted several days, and much evidence was introduced tending to prove that the accident was caused by the negligence of both Gulf Oil and Leonardi, but no affirmative claim was ever made against Leonardi by Alloco's administrator, who proceeded at all times against Gulf Oil alone. There was ample evidence to support the allegation by Gulf Oil that Leonardi had made an oral agreement of indemnity. The upshot was that the trial judge withdrew from the jury's consideration the question of Leonardi's active and primary negligence, he ruled that if the jury found that the accident was caused by the negligence of Gulf Oil or of both Gulf Oil and Leonardi it might find a verdict against Gulf Oil; and he instructed the jury that the only basis upon which Gulf Oil could recover over against Leonardi on its cross-claim was that Leonardi had orally agreed to indemnify Gulf Oil, and that the controversy over whether or not such an agreement had been made was a question of fact for them to decide. Accordingly, on May 13, 1946, the jury returned a verdict in favor of Alloco's administrator against Gulf Oil and in favor of Gulf Oil against Leonardi on the cross-claim; and on June 18, 1946, a judgment in the amount of $10,150.15 was entered in favor of Alloco's administrator against Gulf Oil, and, in turn,

in favor of Gulf Oil and against Leonardi for the same amount.

Appeals were thereupon duly taken by both Gulf Oil and Leonardi to the Appellate Division of the New York Supreme Court, Fourth Department. During the pendency of the appeals, the attorneys for Gulf Oil and Leonardi entered into negotiations which culminated in a settlement whereby the appeals were discontinued and dismissed, Gulf Oil and Leonardi exchanged general releases, and other litigation between Leonardi and Gulf Oil was discontinued. Leonardi paid $5,700 in cash to Gulf Oil on or about November 9, 1946, in settlement of all disputes between them. In defense of Gulf Oil's cross-claim, Leonardi incurred legal expenses in the sum of $4,139.19, which was paid on or about November 25, 1946.

The present action was commenced by Leonardi against Standard on July 17, 1950, for a breach of contract, to recover the amount paid in settlement and the legal expenses incurred in the defense of Gulf Oil's cross-claim. In his amended complaint, Leonardi asked that the policies be reformed by substituting for the Manufacturers' or Contractors' Schedule Liability policy the Comprehensive Liability policy which was being issued by Standard at the time of the delivery of the policies in question.

On the issue of reformation, Judge Burke found "that on the evidence the plaintiff is entitled to reformation of the contract of insurance represented by the two issued policies, but not in the manner demanded by the plaintiff;" and, accordingly, the decree directed that the following be incorporated in paragraph One (b) of the Workmen's Compensation and Employers' Liability policy: "Liability imposed upon him by law for damages on account of such injuries shall include liability imposed upon the employer by law by reason of a claim asserted against the employer by a third-party to recover over against the employer the amount of damages awarded against such third-party to an employee of the

employer, or to the legal representative of such employee, for injuries, including injuries resulting in death, arising out of and in the course of his employment."

As so reformed, the Workmen's Compensation and Employers' Liability policy afforded coverage for Gulf Oil's cross-claim against Leonardi, in so far as it was based on the claim that the death of Alloco was due to the active or primary negligence of Leonardi, and that, by reason thereof, Gulf Oil, being guilty only of passive or secondary negligence, had a right to recover over against Leonardi any damages arising out of Alloco's death which Alloco's administrator might recover against Gulf Oil. Judge Burke concluded, therefore, that Standard had the obligation under the policy as reformed to defend against Gulf Oil's cross-claim. There was sufficient evidence to support this conclusion and there is no occasion for further comment on this phase of the case, which was complicated by further contentions by Leonardi all of which Judge Burke rejected, as Standard concedes that the evidence was sufficient to sustain the reformation as ordered; and Standard further concedes that Leonardi is entitled to judgment against it for $4,139.19, with interest, this being the amount paid by Leonardi to the attorneys employed to defend him against Gulf Oil's cross-claim.

The principal contention by Standard on this appeal is that as a matter of law we must assume that the amount paid by Leonardi in settlement of the judgment was paid exclusively in discharge of an obligation assumed by contract and hence not covered by the policies, either in their original form or as reformed.

■ That Standard was, under the terms of the Workmen's Compensation and Employers' Liability policy as reformed, under an obligation to defend Leonardi against Gulf Oil's cross-claim seems too clear for reasonable debate; it is immaterial that the cross-claim was based in part upon the oral contract of

indemnity. Cardinal v. State of New York, 1952, 304 N.Y. 400, 107 N.E.2d 569, certiorari denied, 1953, 345 U.S. 918, 73 S.Ct. 729, 97 L.Ed. 1351.

■ But Standard claims that the judgment in existence at the time of the settlement was based solely on the indemnity agreement, that any payment in discharge of this obligation must be deemed to have been made for that purpose alone, and that the judgment entered herein flies in the face of the plain terms of the policies, which excluded from coverage any liability based upon contract. There would be much force in this contention if the settlement had been made immediately after the entry of the judgment in the Supreme Court of Monroe County and no appeals had been taken to the Appellate Division. But these appeals were taken; and such was the state of the record that experienced counsel might well have been fearful of a reversal and the direction of a new trial in which, on the evidence already adduced or on additional evidence, another trial judge might submit to the consideration of the jury Gulf Oil's claim that Leonardi had been guilty of primary negligence such as to justify a verdict in favor of Gulf Oil against Leonardi on either or both theories alleged in the cross-complaint. Since Standard wrongfully refused to defend Leonardi against Gulf Oil's cross-claim and neither the good faith nor the reasonableness of the settlement has ever been challenged we must hold against Standard on the main issue.

The present action was not commenced until July 17, 1950, some four years after the entry of the judgment in favor of Gulf Oil against Leonardi. Standard contends that recovery by Leonardi of the amount paid in settlement of the judgment is barred by Condition G of the Workmen's Compensation and Employers' Liability policy, which provides as follows:

"No action shall lie against the company to recover upon any claim or for any loss under paragraph One

(b) foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against this employer after trial of the issue or by agreement between the parties with the written consent of the company, nor in any event unless brought within two years thereafter."

■ But this action is brought by the insured to recover damages arising from the insurer's breach of its contractual obligation to defend contained in paragraph Two (b), and is not an action on the policy "to recover upon any claim or for any loss under paragraph One (b)" of the policy, against which the insurer expressly agreed to indemnify the insured. In Lawrence v. Massachusetts Bonding & Insurance Co., Sup., 1916, 160 N.Y.S. 883, 885, where this specific question was considered, Judge Irving Lehman wrote:

"In determining the rights of the parties in this action it seems to me that the most important consideration is that the action is not brought to enforce the agreement to indemnify the plaintiff for loss and expenses, but is brought for damages for failure to defend an action. * * * The limitation in the policy is, I think, by its plain terms intended to cover an action for such loss and expenses, and is not intended to cover an action for damages caused by the breach of the covenant to defend. Inasmuch as the limitation applies only to actions brought to recover any loss or expense 'under this policy,' against which the defendant expressly agreed to indemnify the plaintiff, while this action is brought to recover damages for breach of contract to defend, the present action is subject only to the limitation of the statute, and not to any limitation provided in the contract. * * * The contract never contemplated that the defendant would breach its contract, and it contains no provisions for an action for such breach of contract. Such an action, consequently, is governed by the ordinary rules of law governing actions for breach of contract."

We agree with this conclusion and the reasoning on which it is based. Nothing to the contrary was held in Crow Construction Co. v. Carroll P. Brennan, Inc., 1921, 196 App.Div. 71, 187 N.Y.S. 493, affirmed, 1922, 233 N.Y. 635, 135 N.E. 949, or Specht v. Bankers Indemnity Ins. Co., 2 Cir., 1944, 140 F.2d 30, both of which are relied upon by Standard.

Affirmed.