634 P.2d 3

**WESTERN CASUALTY & SURETY COMPANY, a Kansas Corporation, Plaintiff-Appellee,**

v.

**INTERNATIONAL SPAS OF ARIZONA, INC., an Arizona Corporation, Defendant-Appellant.**

**No. 1 CA–CIV 4862.**

Court of Appeals of Arizona, Division 1, Department B.

June 16, 1981.

---

Jones, Teilborg, Sanders, Haga & Parks by David S. Shughart, II, Frank A. Parks, Phoenix, for plaintiff-appellee.

Fogel & Lamber by Dennis M. Lamber, Phoenix, for defendant-appellant.

## OPINION

O'CONNOR, Judge.

This is an appeal from the granting of a summary judgment in favor of appellee, the plaintiff in the trial court, and from the denial of appellant's motion for new trial. The sole issue is whether the appellee, Western Casualty & Surety Company (Western), has a duty to defend appellant, International Spas of Arizona (International Spas), pursuant to a general liability insurance policy issued by Western, in a lawsuit filed against International Spas by a lessee, Neil David McLaughlin (McLaughlin). We hold there is a duty to defend the lawsuit and reverse the summary judgment.

McLaughlin's complaint against International Spas alleges four claims arising out of a termination by International Spas of a lease to McLaughlin of a portion of its premises for operation of a beverage service by McLaughlin in the spas. The first count of the complaint is for the breach of the lease; the second is for conversion of personal property belonging to McLaughlin; the third is for conspiracy to interfere with business and contractual relations; and the fourth is for imposition of a constructive trust. International Spas requested Western to defend it under its general liability insurance policy. Western filed an answer on behalf of International Spas, but filed a separate declaratory judgment action against International Spas seeking a declaration that there was no coverage in its insurance policy for the matters alleged in McLaughlin's complaint.

Cross motions for summary judgment were filed in the declaratory judgment action. Western's motion for summary judgment was granted, and the court determined that no policy coverage existed. International Spas' motion for new trial was denied, and this appeal followed.

The general liability insurance policy contains a personal injury liability insurance endorsement which provides in part that:

### 1. *COVERAGE AGREEMENT*

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the named insured's business:

\*    \*    \*    \*    \*    \*

C.    wrongful entry or eviction, or other invasion of the right of private occupancy; . . . .

*Exclusions*

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement; . . . .

\*    \*    \*    \*    \*    \*

Appellee contends that the personal injury endorsement of the policy was intended to protect the insured from alleged wrongful actions toward its customers, such as the wrongful eviction by International Spas of a patron. Appellee originally also contended that coverage was precluded by another policy provision excluding personal injuries sustained by employees. Appellee now concedes, however, that McLaughlin was not an employee of appellant and that the exclusion is inapplicable.

Appellant, on the other hand, contends that McLaughlin's complaint seeks recovery of damages for personal injury sustained by him arising out of his wrongful eviction by the insured, International Spas, for conversion of some of his property in the course of his eviction, and for interference with his business when International Spas allegedly "unlawfully and wrongfully caused [McLaughlin] to be excluded from all of his business premises."

The trial court in granting Western's motion for summary judgment stated in its minute order that:

It is further noted that unless the personal injury was committed in the conduct of the Spas' business there is no coverage, and if the personal injury was sustained as a result of an offense indirectly related to the employment of such person there is no coverage.

In short, if the juice bar is an essential part of the conduct of the Spas' business, personal injury to McLaughlin is excluded. If the juice bar is not a part of the Spas' business the alleged breach of McLaughlin's lease did not occur as part of the conduct of the business and is, therefore, not covered.

Clearly, the trial court was in error in concluding that the events alleged in McLaughlin's complaint did not occur in the conduct of the insured's business. International Spas admittedly conducted business by providing opportunities for recreation and exercise by its patrons, and by making it possible for its patrons to purchase beverages on the premises by virtue of the lease agreement with McLaughlin. Appellee has conceded in oral argument that McLaughlin was not appellant's employee. Moreover, there is nothing in the language of the policy which limits the liability to customers or patrons of the insured, as argued by Western. The endorsement refers to injury "sustained by any person or organization." Nor is this a case in which the liability of the insured is alleged to have been assumed by International Spas by any contract or agreement. Rather, the McLaughlin complaint seeks damages in two of the counts for alleged intentional torts committed during the course of an alleged wrongful eviction. Clauses excluding liability for assumed liability under a contract are explained in 44 Am.Jur.2d *Insurance* § 1410 at 258 (1969) as follows:

Where the insured specifically assumed liability under a contract with a third party, such an exclusion provision is operative—in the sense that it relieves the insurer of liability otherwise existing under the policy—only in situations where the insured would not be liable to a third party except for the fact that he assumed liability under an express agreement with such party. In other words, the contractual liability clause relieves the insurer of liability where the insured's liability would not exist except for the express contract.

\*    \*    \*    \*    \*    \*

Where the insured failed to enter into a contractual agreement whereby he expressly assumed any liability, the exclusion clause will not relieve the insurer from liability under the policy even though the insured's liability may arise out of a contract entered into with a third party, since a contractual liability exclusion clause refers to a specific contractual assumption of liability by the insured as exemplified by an indemnity agreement. [footnotes omitted]

While the McLaughlin complaint does not allege a separate count for "wrongful entry or eviction," it nevertheless seeks recovery for two personal injury torts, conversion and interference with business relations, based on allegations of "wrongful exclusion" from the premises. The alleged actions of International Spas were taken during the course of its conduct of its business of operating the Spas. As stated in *Kepner v. Western Fire Insurance Co.*, 109 Ariz. 329, 331, 509 P.2d 222, 224 (1973):

If the complaint in the action brought against the insured upon its face alleges facts which come within the coverage of the liability policy, the insurer is obligated to assume the defense of the action, but if the alleged facts fail to bring the case within the policy coverage, the insurer is free of such obligation.

\* \* \* \* \* \*

[T]he complaint serves a notice function and is framed before discovery proceedings crystalize the facts of the case. The trial focuses on the facts as they exist under the theory of recovery in the complaint. Accordingly, the duty to defend should focus on the facts rather than upon the allegations of the complaint which may or may not control the ultimate determination of liability.

\* \* \* \* \* \*

The allegations in a pleading are not, in all circumstances and situations, the decisive factor in determining whether there exists a duty on the part of the insurance company to defend. This is especially true when the duty to defend

depends upon a factual issue which will not be resolved by the trial of the third party's suit against the insured, the duty to defend may depend upon the actual facts and not upon the allegations in the pleading.

On the state of the record before the trial court, the McLaughlin complaint stated in the second and third counts sufficient facts to possibly bring the complaint within the coverage provided in the insured's personal injury endorsement. We believe that, reading the endorsement and the insurance policy as a whole, the intention of the parties to provide a defense for the insured for the allegations of the second and third counts is clear.

The question then arises whether Western is obligated to defend the insured as to all the allegations of the complaint, not merely those which appear to be within the policy's coverage. The personal injury liability insurance endorsement section of the policy contains a provision creating a duty to defend suits against the insured which reads in part as follows:

[T]he company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false or fraudulent. . . .

While the Arizona courts have not addressed this issue directly, the apparent majority rule is that if any claim alleged in the complaint is within the policy's coverage, the insurer has a duty to defend the entire suit, because it is impossible to determine the basis upon which the plaintiff will recover (if any) until the action is completed. *St. Paul Fire & Marine Ins. Co. v. Sears, Roebuck & Co.*, 603 F.2d 780 (9th Cir. 1979); *Babcock & Wilcox Co. v. Parsons Corp.*, 430 F.2d 531 (8th Cir. 1970); *C. Raymond Davis & Sons, Inc. v. Liberty Mut. Ins. Co.*, 467 F.Supp. 17 (D.C.Pa.1979); *Steyer v. Westvaco Corp.*, 450 F.Supp. 384 (D.C.Md.1978). *See also* Appleman, Insurance Law and Practice (Berdal ed.), § 4684.01 at 102–07 (1979); Comment, *The Insurer's Duty to*

80

*Defend Under a Liability Insurance Policy,*
114 U. of Pa.L.Rev. 734 (1966); Annot., 41
A.L.R.2d 434 (1955). In addition, we be-
lieve that the policy language quoted above
clearly creates a duty to defend the entire
suit, even though some of the allegations in
the complaint are groundless as far as the
insurer is concerned. We express no opin-
ion, however, as to the insurer's duty to
continue the defense if the litigation should
reach a point at which it is impossible for
McLaughlin to recover on any claim covered
by the policy.

The summary judgment in favor of West-
ern is reversed and the matter is remanded
to the trial court for trial or for further
proceedings consistent with this decision.

EUBANK, Acting P. J., and CONTRER-
AS, J., concur.