OVERTHRUST CONSTRUCTORS, INC., Plaintiff,

v.

The HOME INSURANCE COMPANY, Defendant.

Civ. No. 86–C–0986G.

United States District Court, D. Utah, C.D.

Nov. 5, 1987.

Paul M. Belnap, Salt Lake City, Utah, for plaintiff.

Joseph J. Joyce, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came before the court on August 3, 1987, pursuant to plaintiff's Motion for Partial Summary Judgment and defendant's Motion for Summary Judgment. Overthrust Constructors, Inc. ("Overthrust") was represented by Paul M. Belnap, and The Home Insurance Company ("Home Insurance") was represented by Joseph J. Joyce. The parties submitted memoranda and presented oral argument, after which the court took the matter under advisement. The court is now fully advised and enters its Memorandum Decision and Order.

## BACKGROUND

On or about July 10, 1983, James Rice, an employee of Overthrust, was injured while working on a project in Wyoming due to the collapse of a wall brace constructed by Harv & Higam Masonry, Inc. ("Harv & Higam"). Home Insurance had issued a general liability policy to Overthrust that was in effect at the time Rice was injured. As a result of the injury, Rice brought suit against Harv & Higam for negligence, strict liability, res ipsa loquitur, and intentional and willful acts. Harv & Higam then brought a third-party complaint against Overthrust for contribution and indemnity for any negligence of Overthrust that had caused or contributed to Rice's injury, and Overthrust tendered the defense of the Harv & Higam claims to Home Insurance. After Home Insurance refused to defend the suit, Overthrust employed its own counsel and ultimately was dismissed as a party on Motion for Summary Judgment. *See* Memorandum Decision and Order in *Rice v. Harv & Higam Masonry, Inc.*, No. C84–624G, slip op. (D.Utah August 21, 1986) [Available on WESTLAW, 1986 WL 15996].

Overthrust filed the present action against Home Insurance to recover costs and attorneys' fees paid in defense of the Harv & Higam claims as well as costs and attorneys' fees for bringing this suit against Home Insurance. Overthrust also claims that Home Insurance willfully and in bad faith refused to defend Overthrust in the prior litigation, entitling Overthrust to punitive damages.

## LEGAL ANALYSIS

I. *Choice of Law*

■ The court must first determine what law governs. Because the policy does not contain a choice-of-law provision, the law of three states could control: (1) New York,

Home Insurance's principal place of business; (2) Utah, Overthrust's principal place of business; and (3) Wyoming, the state in which Rice was injured. The basis of this court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332 (1982). A federal district court in a diversity case must apply the conflict of law rules of the state where it sits. *Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 4, 96 S.Ct. 167, 168, 46 L.Ed.2d 3 (1975); *Dresser Indus. Inc. v. Sandvick*, 732 F.2d 783, 785 (10th Cir. 1984). Accordingly, Utah's conflict of laws rules will be used to decide which state law should apply here.

The Utah Supreme Court has made no pronouncement that fits the facts of this case.[1] Most of Utah's sister states have adopted or found guidance in contract actions from the "most significant relationship" approach taken in the Restatement (Second) of Conflicts of Laws § 188 (1971).[2] The court considers it likely that the Supreme Court of Utah also would seek guidance from the Restatement. *Cf. Unibase Systems, Inc., v. Professional Key Punch*, No. C86–213G, slip op. at 6–7 (D.Utah July 14, 1987) [Available on WESTLAW, 1987 WL 41873]. The relevant section of Restatement of Conflicts provides the following:

> (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the *place of contracting*,
>
> (b) the *place of negotiation* of the contract,
>
> (c) the *place of performance*,
>
> (d) the *location of the subject matter* of the contract, and
>
> (e) the domicile, residence, nationality, *place of incorporation and place of business* of the parties.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Id.* § 188 (1971) (emphasis added).

This litigation has little significant contact with Wyoming and New York. The only connections to Wyoming are that Overthrust was incorporated there, and that James Rice was injured there. New York's only connection is that Home Insurance's principal place of business is in New York. By way of contrast, there is significant relationship to the State of Utah in this litigation. First, Overthrust's principal place of business is in Utah. Second, the location of most of Overthrust's construction sites, the subject matter of its contracts, is most likely in Utah. Third, the place of performance is in Utah because payment under insurance policies are made at the principal location of the insured object or risk.[3] Fourth, the place of contracting is in Utah because the policy must be countersigned in Utah.[4]

■ Based upon the foregoing, this court holds that Utah has the most significant relationship to this litigation and its law applies.

## II. *The Duty to Defend*

■ Having determined that Utah law governs, this court must now apply Utah

---

1. The closest case is *Morris v. Sykes*, 624 P.2d 681 (Utah 1981), which held that where a contract is entered into and is to be performed in a foreign jurisdiction, the law of that jurisdiction is applied. *Id.* at 683–84. However, *Morris* did not concern an insurance policy, did not define the terms "entered into" and "to be performed," and did not take into account the domicile or principal place of business of the parties, all of which are pertinent in this case.

2. *See Taylor v. Security Nat'l Bank*, 20 Ariz.App. 504, 514 P.2d 257, 260–61 (1973); *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 198 Colo. 444, 601 P.2d 1369, 1372 (1979) (en banc); *Unigard Ins. Group v. Royal Globe Ins. Co.*, 100 Idaho 123, 594 P.2d 633, 636 (1979); *Collins*

*Radio Co. of Dallas v. Bell*, 623 P.2d 1039, 1047 (Okla.Ct.App.1981); *Potlach No. 1 Fed. Credit v. Kennedy*, 76 Wash.2d 806, 459 P.2d 32, 34–35 (1969).

3. *Id.* § 193 comment b.

4. Under the Restatement approach, the place of contracting is the place where the last act necessary to make the contract binding occurred. Restatement (Second) of Conflict of Laws § 188 comment e (1971). In this case, the insurance policy provided that it would not take effect until countersigned. The first page of the contract clearly shows that the policy was countersigned in Salt Lake City, Utah.

law to this case.[5] Under Utah law an insurer has a duty to defend when the allegations in a suit against the insured, if proven, could result in liability under the policy. In this regard, the Utah Supreme Court in *Deseret Federal Savings & Loan Assoc. v. United States Fidelity & Guar. Co.*, 714 P.2d 1143 (Utah 1986) recently stated:

> The duty to defend is broader than the duty to indemnify, but the insurer's obligation is not unlimited; the duty to defend is measured by the nature and kinds of risks covered by the policy and arises whenever the insurer ascertains facts which give rise to the potential of liability under the policy.
>
> . . . .
>
> The insurer must make a good faith determination based on all the facts known to it, or which by reasonable efforts could be discovered by it, that there is no potential liability under the policy. This means that there are no disputed facts which if proved by the plaintiff at trial would result in liability under the policy.

*Id.* 1146–47 (citations omitted).

The policy Home Insurance issued to Overthrust is a general liability policy which covers the following:

> The company will pay on behalf of the *Insured* all sums which the *Insured* shall become legally obligated to pay as damages because of *bodily injury* . . . to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the Insured seeking damages on account of . . . *bodily injury* . . . even if any of the allegations of the suit are groundless, false or fraudulent. . . .

Insurance Policy, Section I (emphasis in original). However, coverage is limited by a number of exceptions. Under exclusion (j), the insurance coverage does not apply,

> to *bodily injury to any employee of the Insured* arising out of and in the course of his employment by the Insured or to any *obligation of the Insured to indemnify another* because of damages arising out of such injury; but this exclusion does not apply to *liability assumed by the Insured under an incidental contract.*

(Emphasis added.)

The essential question presented is whether the claims for contribution or indemnity, or both, were excluded under exclusion (j).

*"Bodily Injury to Employees" Exclusion*

The first part of exclusion (j) relates only to claims based on "bodily injury of an employee." The reason for the exclusion is that employees present a special kind of risk to employers, a risk normally covered by workmen's compensation. *See Larson Constr. Co. v. Oregon Auto. Ins. Co.*, 450 F.2d 1193, 1196 (9th Cir.1971). The plain meaning of the language would lead an insured reasonably to believe that it excludes only direct actions by employees: the special employee risk already covered by workmen's compensation. *Id.; see also Royal Globe Ins. Co. v. Poirier*, 120 N.H. 422, 415 A.2d 882, 885 (1980). An insured is entitled the broadest protection that the policy could reasonably be understood to provide. *Fuller v. Director of Finance*, 694 P.2d 1045, 1047 (Utah 1985).

Home Insurance argues that the language in the first part of exclusion (j) is broad enough also to exclude third party claims for contribution against an insured employer. However, the second part of exclusion (j) addresses such indirect claims.

---

**5.** In cases where the highest court of a state has not spoken, federal courts sitting in diversity routinely predict how the state's highest court will rule. *Weiss v. United States,* 787 F.2d 518, 525 (10th Cir.1986); *Daitom, Inc. v. Pennwalt Corp.,* 741 F.2d 1569, 1574–75 (10th Cir.1984). Indeed, the United States Supreme Court has noted that when a federal court's jurisdiction is properly invoked it is the court's duty to decide state law questions necessary for the disposition of the case, "although the highest court of the state had not answered them, the answers were difficult, and the character of the answers which the highest state courts might ultimately give remained uncertain." *Meredith v. Winter Haven,* 320 U.S. 228, 237, 64 S.Ct. 7, 12, 88 L.Ed. 9 (1943); *see also McNeese v. Board of Education,* 373 U.S. 668, 673 n. 5, 83 S.Ct. 1433, 1436 n. 5, 10 L.Ed.2d 622 (1963).

It excludes obligations of Overthrust to "indemnify another." This is complimentary to the first part of exclusion (j), which excludes only direct claims. This court holds that the first part of exclusion (j) having to do with "bodily injury to any employee of the Insured arising out of and in the course of his employment by the Insured" does not apply to third-party contribution or indemnity claims.

### "Indemnify Another" Exclusion

It is not clear whether the "indemnify another" language embraces implied indemnity claims as distinguished from written contracts of indemnity. We need not reach that issue of coverage, however, unless the exclusion is broad enough to cover third party claims for contribution.

■ Contribution and indemnity have separate meanings and should not be confused. Contribution, as distinguished from indemnity, constitutes a claim for partial liability, typically in cases where a joint tortfeasor sues to recover the amount or proportion that another joint tortfeasor contributed to the tort. *See Unigard Ins. Co. v. City of LaVerkin*, 689 P.2d 1344, 1346 (Utah 1984). Indemnity, on the other hand, is an action against the primary wrongdoer for *all* the damages caused. *See Olson Farms, Inc. v. Safeway Stores, Inc.*, 649 F.2d 1370, 1378 (10th Cir.1979). Thus, this court considers the "indemnify another" language as inapplicable to third party claims for contribution.

### Ambiguity

■ Home Insurance urges that contribution claims are excluded under the policy in this case because Overthrust itself regarded the exclusion as broad enough to bar suits for contribution and acknowledged that third party contribution claims were not covered.[6] Home Insurance's argument makes no difference here for two reasons. First, "[t]he insurer has an obligation to defend and afford coverage despite an honest belief on the part of the insured that there is no coverage ... since the insurer should be held to a higher degree of knowledge than the insured." 7C J. Appleman, Insurance Law and Practice § 4684.01, at 101 (Berdal ed. 1979). Second, if an ambiguity exists, as is argued by Overthrust, it would not alter the result reached here. Ordinarily, summary judgment is defeated if an ambiguity exists in a contract that creates a genuine issue as to some material fact as to what the parties intended.[7] However, an insurance policy is at issue in this case. Because insurance policies are drafted by the insurer, ambiguities are construed against the insurer and resolved in favor of coverage.[8]

### Scope of Duty to Defend

■ As stated in the *Deseret Federal* case, the duty to defend is measured by *potential* liability based on the nature and kinds of risks covered by the policy. 714 P.2d at 1146. From the third party complaint, it is apparent that recovery was sought for "bodily injury" to a person on one of Overthrust's construction sites—exactly the nature and kind of risk that could bring potential liability under the policy. Once this assessment was made, Home Insurance had the duty to defend Overthrust regardless of the legal theories for recov-

---

**6.** Home Insurance points to a letter from Ted Knowlton, Overthrust's President, to the State of Wyoming Workers Compensation Division, in which Mr. Knowlton states, "[w]ould you please provide a response on our behalf since the employee is covered under our workers compensation policy and our Liability Insurance carrier will not cover it for that reason." This may be some evidence of Overthrust's understanding that the exclusion removed third party contribution claims from coverage, but it also may evidence Overthrust's confusion as to what the policy covered. Overthrust later tendered defense of the suit to Home Insurance, asserting coverage.

**7.** *Colonial Leasing Co. v. Larsen Bros. Constr. Co.*, 731 P.2d 483, 488 (Utah 1986); *Faulkner v. Farnsworth*, 665 P.2d 1292, 1293 (Utah 1983).

**8.** *Fuller v. Director of Finance*, 694 P.2d 1045, 1046–47 (Utah 1985); *Utah Farm Bureau Mut. Ins. Co. v. Orville Andrews & Sons*, 665 P.2d 1308, 1309 (Utah 1983); *The American Insurance Co. v. Freeport Cold Storage, Inc.*, No. C85–257G, slip op. at 16–17 (D.Utah May 26, 1987) [Available on WESTLAW, 1987 WL 41983].

ery unless they were excluded from coverage. In this case, the third party contribution claims were not excluded from coverage. Home Insurance could not go further and determine the legal merit of the third party suit because the insurance policy provided that Home Insurance has "the right and duty to defend any suit against [Overthrust] ... [for] bodily injury ... *even if the allegations of the suit are groundless, false or fraudulent.*" (Emphasis added.)[9]

■ Once an insurer has a duty to defend an insured under one claim brought against the insured, the insurer must defend all claims brought at the same time, even if some of the claims are not covered by the policy.[10] This is a corollary to the rule in Utah that the duty to defend is broader than the duty to indemnify.[11] The insurer has the duty to defend the whole suit because it is impossible to determine on which basis, if any, the plaintiff will recover until the action is completed. *Western Casualty & Surety Co. v. International Spas of Arizona, Inc.*, 130 Ariz. 76, 634 P.2d 3, 6–7 (Ct.App.1981) (and authorities cited).

For the reasons set forth above, this court holds that exclusion (j) does not exclude coverage for third party contribution claims. It follows that, by failing to defend Overthrust, Home Insurance breached its duty under the policy. Because of this holding, it is unnecessary to address the question whether the policy excluded third party indemnity claims from coverage. Also, there is no reason to reach the possible effect of an incidental contract under the third part of exclusion (j).

### III.  *Attorneys' Fees and Costs*

■ In Utah, attorneys' fees cannot be recovered in an action to establish coverage of an insurance policy unless provided for by statute, contract, or where it appears that the insurer litigated in bad faith, fraudulently, spitefully, or obstructfully. *Crist v. Insurance Co. of North America*, 529 F.Supp. 601, 607 (D.Utah 1982); *Western Casualty & Surety Co. v. Marchant*, 615 P.2d 423, 426–27 (Utah 1980). The parties have not cited nor has this court been able to find any pertinent Utah statute providing for attorneys' fees in this action; the insurance policy does not provide for attorneys' fees in this action;[12]

**9.** In *Aetna Insurance Co. v. Lythgoe*, 618 P.2d 1057, 1061 (Wyo.1980), the court said that a "decision as to the duty to defend is not made on the basis of the ultimate liability of the insurer to indemnify the insured or on the basis of whether the underlying action is groundless or unsuccessful." *See also Burger v. Continental National American Group*, 441 F.2d 1293, 1294–95 (6th Cir.1971) (same holding under policy stating that insurer had duty to defend "even if such suit is groundless, false or fraudulent"). In *Rasmussen v. Western Casualty & Surety Co.*, 15 Utah 2d 333, 393 P.2d 376, 377 (1964), the court said that an insurer has the duty to defend when the policy provides coverage, even if liability is impossible.

**10.** *Leonardi v. Standard Acc. Ins. Co.*, 212 F.2d 887, 889–90 (2d Cir.1954); *Commercial Union Ins. Co. v. International Flavors & Fragrances, Inc.*, 633 F.Supp. 646, 650 (S.D.N.Y.1986) (under New York case law); *Tampa Electric Co. v. Stone & Webster Engineering Corp.*, 367 F.Supp. 27, 31 (M.D.Fla.1973); *Space Conditioning, Inc. v. Insurance Co. of North America*, 294 F.Supp. 1290, 1293 (E.D.Mich.1968), *aff'd*, 419 F.2d 836 (6th Cir.1970); *Western Casualty & Surety Co. v. International Spas of Arizona, Inc.*, 130 Ariz. 76, 634 P.2d 3, 6–7 (Ct.App.1981); *First Ins. Co. of Hawaii v. State*, 66 Hawaii 413, 665 P.2d 648, 652 (1983); *Western Fire Ins. Co. v. J.R. Snyder,*

*Inc.*, 76 Mich.App. 242, 256 N.W.2d 451, 454 (Ct.App.1977); *American Employers Ins. Co. v. Continental Casualty Co.*, 85 N.M. 346, 512 P.2d 674, 677 (1973); *Alm v. Hartford Fire Ins. Co.*, 369 P.2d 216, 218–20 (Wyo.1962). *Contra Marston v. Merchants Mutual Ins. Co.*, 319 A.2d 111, 114 (Me.1974); *Waite v. Aetna Casualty & Surety Co.*, 77 Wash.2d 850, 467 P.2d 847, 851 (1970) (en banc).

**11.** *First Ins. Co. of Hawaii v. State*, 66 Hawaii 413, 665 P.2d 648, 652 (1983) (stating the corollary to the rule). *See Deseret Federal*, 714 P.2d at 1146 (stating Utah's rule). We note that Utah has not yet addressed this corollary to the duty to defend. However, this court is sufficiently persuaded by the reasoning behind the corollary and the majority of case law, especially that of Utah's sister states, to predict that the Utah Supreme Court would adopt it. This is especially true in this case, where both the contribution and indemnity claims in the third party complaint are based on the theory of Overthrust's negligence, and thus they are difficult, if not impossible, to separate in a defense.

**12.** Overthrust argues that the policy provides for an award of attorneys' fees. However, the language of paragraph 8(d) on page 18 of the policy is restrictive: "the company [Home Insurance]

and there has been no showing of bad faith on Home Insurance's part in defending against this suit. Accordingly, we hold that Home Insurance must pay the reasonable [13] costs and attorneys' fees incurred by Overthrust in defending against Harv & Higam's claims, but Home Insurance need not pay Overthrust's expenses in bringing this suit.

Based upon the foregoing, plaintiff Overthrust's motion for partial summary judgment is granted to the extent set forth in this Memorandum Decision and Order; defendant Home Insurance's motion for summary judgment is denied.

Counsel for Overthrust is directed to prepare and submit to the court within five days, a judgment consistent with this Memorandum Decision and Order in conformance with Rule 13(e) of this court's Civil Rules of Practice.

will pay … expenses incurred by the *Insured at the company's request in assisting the company* in the investigation or defense of any claim or suit." (Emphasis added.)

13. Attorneys' fees and costs are an item of damages arising from the breach of an insurance contract, but reasonableness must be proven. *Crist v. Insurance Co. of North America,* 529 F.Supp. 601, 605–06 (D.Utah 1982).