411 P.2d 34

**FIRST NATIONAL BANK OF ARIZONA, a corporation, and First Bank Building Corporation, Appellants and Cross-Appellees,**

v.

**OTIS ELEVATOR CO., Inc., Cross-Appellant,**

v.

**Una MAURER, Appellee.**

**1 CA–CIV 29, 1 CA–CIV 30.**

Court of Appeals of Arizona.

Feb. 11, 1966.

Review Denied March 15, 1966.

Moore, Romley, Kaplan, Robbins & Green, by Philip A. Robbins, Phoenix, for appellants and cross-appellees, First Nat. Bank of Arizona and First Bank Bldg. Corp.

Jennings, Strouss, Salmon & Trask, by Thomas J. Trimble, Phoenix, for appellant Otis Elevator Co., Inc.,

Leonard S. Sharman, Phoenix, for appellee, Una Maurer.

DONOFRIO, Judge.

This is on motion for rehearing in the above entitled case (former opinion 2 Ariz.App. 80, 406 P.2d 430). We filed our opinion on October 11, 1965, and Otis Elevator, in its motion for rehearing, took exception to our decision, as well as our reasoning. We feel that our opinion might lead the casual reader to the belief that Otis Elevator's liability is based upon a breach of warranty on the sale of the elevator, and a breach of warranty upon the maintenance contract. The cross-complaint of the cross-plaintiff, First National Bank of Arizona, stated in part as follows:

"5. By reason of the foregoing, cross-plaintiffs are entitled to indemnity from Otis Elevator Company for all damages and expenses incurred in connection with claim of plaintiff."

When, on the second day of the trial, appellee Maurer moved to dismiss her action as to Otis, the trial court granted this motion after counsel for First National and Otis had stipulated that this dismissal would have no effect on the cross-claim of First National against Otis. First National's cross-claim against Otis was submitted for decision to the trial court without jury, and the court entered its judgment as follows:

"IT IS ORDERED, adjudged and decreed that defendant First National Bank of Arizona and First Bank Building Corporation have and recover judgment over against defendant Otis Elevator, Inc., in an amount equal to the judgment of plaintiff against the defendant, First National Bank of Arizona and First Bank Building Corporation, heretofore recovered in this action; plus plaintiffs' taxable costs and defendant, First National Bank of Arizona and First Bank Building Corporation's taxable costs; including the jury fees assessed against said defendants, but denying recovery for attorneys' fees."

First National then prosecuted its cross-claim against Otis on the theory of indemnity. As has been stated:

"The obligation to indemnify may grow out of an implied contractual relation or out of a liability imposed by law. Thus, where one is compelled to pay money which in justice another ought to pay, or has agreed to pay, the former may recover from the latter the sum so paid, unless the one making the payment is barred by the wrongful nature of his conduct." 42 C.J.S. Indemnity § 20, pages 594, 595.

And:

"It has been generally stated that a contract of indemnity need not be expressed, but that indemnity may be recovered if the evidence establishes an implied contract. And although a right of indemnity generally arises by contract, express or implied, it has been said to exist whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join." 27 Am.Jr., Indemnity, § 16, page 464.

It would appear from the facts in this case, that if the appellee Maurer is able to hold First National liable because her injuries were caused by either faulty construction or negligence in the design, construction, installation or maintenance of the elevators, then First National should have judgment over against Otis on the theory of Indemnity. Indemnity may be based upon either the rule of primary-secondary liability as set forth in Busy Bee Buffet, Inc. v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957), or a breach of implied warranty as discussed in Nalbandian v. Byron Jackson Pumps, Inc., 97 Ariz. 280, 399 P.2d 681 (1965). Without excluding an

indemnity in the instant case, based upon the rule of primary-secondary liability, we feel that Otis' liability to First National is based on indemnity resulting from a breach of implied warranty on the part of Otis in the design, construction, installation or maintenance of the elevators in the First National Building.

The motion for rehearing is denied.

CAMERON, Acting C. J., and FRANK X. GORDON, Superior Court Judge, concur.

NOTE: Chief Judge Henry S. Stevens, having requested that he be relieved from consideration of this matter, Judge Frank X. Gordon, Jr., was called to sit in his stead and participate in the determination of this decision.