370 So.2d 1211 (1979)
OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Appellant,
v.
Donald L. STEVENSON d/b/a Stevenson Insurance, Appellee.
No. 78-1526.
District Court of Appeal of Florida, Second District.
May 9, 1979.
*1212 Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Donald G. Jacobsen of Lane, Massey, Trohn, Clarke, Bertrand & Smith, P.A., Lakeland, for appellee.
GRIMES, Chief Judge.
This is an appeal from a final judgment determining that appellee (Stevenson) is entitled to recover attorney's fees from appellant (Occidental) on the basis of a cross-claim for indemnity filed by Stevenson against Occidental.
On May 9, 1976, a Mack truck was involved in an automobile accident. Prior to March 25, 1976, this truck had been owned by Peace River Valley Trucking, Inc., a corporation in which James A. Hughey had an interest. Peace River Valley Trucking, Inc. sold the truck to Thomas W. Harris on March 25, 1976, and Harris, in turn, leased the truck to Hughey. Prior to March 25, 1976, Occidental had issued a policy of insurance on this truck with Hughey as the named insured. Hughey had obtained the insurance policy through Stevenson's insurance agency. This insurance continued in effect through the date of the accident.
After the accident Harris made a claim against Occidental for damages to the truck. Occidental claimed that it had never been informed of the fact that the truck was now owned by Mr. Harris and leased to Mr. Hughey and denied coverage because Hughey did not own the truck as stated in the policy when the accident occurred. A provision in the policy provided that the insurance agreement would not apply if the vehicle became subject to a bailment not specifically declared in the policy.
Harris then brought suit against Hughey, Occidental and Stevenson. He alleged that Hughey had agreed to provide insurance for the truck. Harris further alleged that Hughey had told him that he had advised Occidental through Stevenson of the transfer of the truck to Harris and the lease back arrangement to Hughey. He alleged alternatively that Stevenson was either an independent insurance broker or that he was Occidental's general agent. Harris contended that he was entitled to recover the damages to his truck from one or more of the defendants, depending upon the agency relationship between Stevenson and Occidental and upon whether Hughey had notified Stevenson and whether Stevenson had notified Occidental of the change in ownership and the lease back arrangement.
The defendants filed several cross-claims, but the only one relevant to this appeal is Stevenson's cross-claim for indemnity against Occidental. The case was settled prior to trial, and Harris filed a voluntary dismissal with prejudice. Stevenson then requested attorney's fees from Occidental under his cross-claim for indemnity. At the hearing no testimony was taken, but the parties stipulated that $1,615 would be a reasonable attorney's fee, if one were awarded. The court entered judgment for *1213 Stevenson against Occidental in this amount.
Occidental first points to the lack of a contract upon which an attorney's fee could have been awarded to Stevenson. Likewise, no statutory basis existed for such an award because Stevenson was not an insured under the policy. While admitting that an indemnitee is entitled to recover as part of his damages attorney's fees he has been compelled to pay in a suit involving the matter against which he is indemnified,[1] Occidental argues that there were no set of circumstances in this case under which Stevenson could legally obtain indemnity from Occidental.
There were essentially five outcomes involving a recovery by Harris which would have been possible within this lawsuit:
(1) Hughey failed to notify Stevenson concerning the change in conditions involving the truck. Hughey would be liable to Harris providing the court determined that a contract existed whereby Hughey promised to provide insurance for Harris. Stevenson and Occidental would be exonerated.
(2) Hughey did notify Stevenson, but Stevenson, as an independent insurance broker, failed to notify Occidental. Stevenson would be liable to Harris, but Hughey and Occidental would be exonerated.
(3) Hughey notified Stevenson, but Stevenson failed to notify Occidental. Nevertheless, Stevenson held such an agency relationship with Occidental that he had authority to bind the coverage. Occidental and perhaps Stevenson would be liable, but Hughey would be exonerated. Occidental, however, would have a cause of action for indemnity against Stevenson.
(4) Hughey notified Stevenson. Stevenson, as an independent insurance broker, notified Occidental. Harris would recover from Occidental and Hughey and Stevenson would be exonerated.
(5) Hughey notified Stevenson. Stevenson had an agency relationship with Occidental as in the case of the third alternative. Stevenson notified Occidental of the change of circumstances with respect to the truck. Occidental would be liable to Harris. Hughey and Stevenson would be exonerated.
Clearly, under any of the first four alternatives Stevenson could not obtain indemnity for his attorney's fees from Occidental. However, we believe that if the facts developed according to the fifth alternative then Stevenson could recover from Occidental the reasonable attorney's fees incurred by him in defense of Harris' action.
Under this alternative, Stevenson, while acting within the scope of his authority as Occidental's agent, would have done everything required of him with respect to coverage. Occidental's denial of coverage would have been improper because Occidental had been notified of the change in conditions involving the truck. While under these circumstances Stevenson should not be held liable to Harris, he nevertheless would have incurred attorney's fees in defending the suit brought against him. Because he would be blameless and because his principal would be at fault, it seems reasonable that he should be indemnified for his attorney's fees.
Our conclusion is specifically supported by the Restatement (Second) of Agency § 439 (1958), which reads in part as follows:
§ 439. When Duty of Indemnity Exists Unless otherwise agreed, a principal is subject to a duty to exonerate an agent who is not barred by the illegality of his conduct to indemnify him for:
.....
(d) expenses of defending actions by third persons brought because of the agent's authorized conduct, such actions being unfounded but not brought in bad faith... .[2]
The comment on clause (d) states:
An agent who has done an authorized act which brings him into contact with *1214 others, such as the making of a contract or the taking possession of a chattel, is ordinarily entitled to indemnity for the expenses of a successful defense to actions brought by third persons acting under the mistaken belief that the agent's conduct was a breach of contract, a tort, or otherwise created liability to them. If the action is the result of a reasonable mistake of law or fact by the third person, it is within the risks attendant upon authorizing the conduct and one which the principal customarily assumes. See the Restatement of Restitution, § 80.
The rule announced in the Restatements rests upon the notion of principal and agent, and this relationship serves to distinguish the situation in which two parties who share no such relationship are sued but only one of them is found at fault. For example, suppose as a result of a three car accident one of the drivers sues the other two for damages. Ultimately, one defendant is found 100% liable and the other defendant is totally exonerated. The innocent defendant has incurred attorney's fees in defending himself, yet there is no rationale upon which he can recover his attorney's fees from the guilty defendant. The same principle would preclude Stevenson from recovering attorney's fees from Occidental under the fourth alternative described above because even though Stevenson would have been innocent he was not Occidental's agent.
Thus, we can envision one set of facts under which Stevenson could legally recover his attorney's fees from Occidental. Under any other circumstances Stevenson has no claim against Occidental. In the posture of this appeal, we must reverse because facts demonstrating which of the alternatives actually occurred have never been proved. The fact that one or more of the defendants may have paid Harris to settle the case is not proof of what really happened. Therefore, the judgment for attorney's fees is reversed, and the case is remanded for the factual determination necessary to decide whether Stevenson is entitled to recover his attorney's fees from Occidental.
BOARDMAN and RYDER, JJ., concur.
NOTES
[1] Fontainebleau Hotel Corp. v. Postol, 142 So.2d 299 (Fla. 3d DCA 1962).
[2] Under the facts described in the fifth alternative. Harris' action against Stevenson would have been groundless but, clearly, would not have been brought in bad faith in view of Occidental's contention that it was never notified of the change of conditions regarding the truck.