472 So.2d 866 (1985)
WESTINGHOUSE ELECTRIC CORPORATION, Appellant,
v.
DADE COUNTY, a Political Subdivision of the State of Florida d/b/a Miami Aviation Authority, Appellee.
No. 84-2648.
District Court of Appeal of Florida, Third District.
July 16, 1985.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, Miami, and B. Richard Young, for appellant.
Richard R. McCormack, Miami, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
The final order awarding attorney's fees on a contractual indemnity theory is reversed and the cause is remanded for further proceedings upon a holding that: (a) the subject contract of indemnity must be construed to allow an award of attorney's fees for the claimant Dade County in defending the prior action herein unless the fees were incurred in defending a claim based on its own negligence, Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487, 489 (Fla. 1979); University Plaza *867 Shopping Center v. Stewart, 272 So.2d 507, 511 (Fla. 1973); O'Connell v. Walt Disney World Co., 413 So.2d 444, 447 (Fla. 5th DCA 1982); Jones v. Holiday Inns, Inc., 407 So.2d 1032, 1034 (Fla. 1st DCA 1981), pet. for review denied, 417 So.2d 329 (Fla. 1982); Leadership Housing Systems of Florida v. T & S Electric, 384 So.2d 733, 734 (Fla. 4th DCA 1980), (b) no evidence or stipulation of facts was adduced below on Dade County's claim for indemnity and therefore no proofs were presented to bring the said claim within the terms of the subject indemnity contract, and (c) the judgment must therefore be reversed and the cause remanded for an evidentiary hearing at which Dade County will have the burden to show  in order to be entitled to attorney's fees under the said contract of indemnity  that it defended the prior action and incurred attorney's fees herein although it was not negligent in the incident sued upon. Jones v. Holiday Inns, Inc., supra at 1034; see also Crystal River Enterprises v. NASI, Inc., 399 So.2d 77, 79 (Fla. 5th DCA 1981) (indemnitee required to prove all actionable facts leading to recovery); Walter Taft Bradshaw & Associates v. Bedsole, 374 So.2d 644, 647 (Fla. 4th DCA 1979) (indemnitee required to state cause of action for contractual indemnity).
Reversed and remanded.