69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Georgia Loretta JOSLIN, Plaintiff-Appellant,
v.
YUMA REGIONAL MEDICAL CENTER, INC., an Arizona corporation,
Defendant-Appellee.
Georgia Loretta JOSLIN, Plaintiff,
Yuma Regional Medical Center, Inc., an Arizona corporation,
Defendant-third-party-plaintiff-Appellant,
v.
David S. GOTTFRIED, M.D., Third-party-defendant,
and
John P. Andrews, M.D.; Jane Doe Andrews, husband and wife;
L. Keith Madison, M.D.; Jane Doe Madison, husband
and wife, Third-party-defendants-Appellees.
 Nos. 94-15385, 94-15859.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided Oct. 31, 1995.
 
 Before: SKOPIL, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Georgia Joslin appeals the district court's dismissal with prejudice of Yuma Regional Medical Center (YRMC) as a defendant in Joslin's medical malpractice action against YRMC and Dr. Spitz, a treating physician. YRMC appeals the district court's order dismissing its third party complaint for indemnity and attorneys fees against two radiologists, Drs. Andrews and Madison. We reverse and remand for further proceedings.
 
 
 3
 1. We agree with the district court that under Arizona law YRMC cannot be held vicariously liable on the theory of respondeat superior. In order for Joslin to establish vicarious liability by use of that doctrine, there must have been an employer-employee relationship between the physicians and the hospital. See Gregg v. National Medical Health Care Servs., Inc., 499 P.2d 925, 929 (Ariz.App.1985); see also Evans v. Bernhard, 533 P.2d 721, 725 (Ariz.App.1975); Beeck v. Tucson Gen. Hosp., 500 P.2d 1153, 1158-59 (Ariz.App.1972). The evidence of the relationship between YRMC and the various doctors simply would not support a determination that an employer-employee relationship existed.
 
 
 4
 However, the district court truncated its analysis too quickly. Respondeat superior is not the only way that vicarious liability can be established. As the court said in Gregg, "[T]he hospital cannot be liable, except under the theory of ostensible agency, unless it had the right to control the conduct of the alleged servant-physician." 699 P.2d at 929 (emphasis added).
 
 
 5
 "The ostensible agent is one where the principal has intentionally or inadvertently induced third persons to believe that such a person was its agent although no actual or express authority was conferred on him as agent." Canyon State Canners v. Hooks, 243 P.2d 1023, 1024-25 (Ariz.1952); see also Reed v. Gershweir, 772 P.2d 26, 28 (Ariz.App.1989). The evidence of the relationship among YRMC, the physicians, and the patient in this case was sufficient to raise a material issue of ostensible agency, both at the emergency room level and at the radiology level. In fact, the case is much like Barrett v. Samaritan Health Servs., Inc., 735 P.2d 460 (Ariz.App.1987). There, as here, the hospital supplied the facilities, the equipment, and other personnel; the contracting, or utilized, physician entities supplied the doctors; YRMC was involved in the setting of procedures; and the patient had little practical opportunity to choose other physicians. See id. at 468. Further illumination of this part of Arizona law is found in Beeck, 500 P.2d at 1158-59, which did inject some uncertainty by speaking of respondeat superior while also discussing many of the elements that inform ostensible agency. That, however, was clarified in Barrett, 735 P.2d at 468. Of course, in Beeck the court found that the evidence established an actual employer-employee relationship, and that obviated the necessity of focusing on ostensible agency as a separate doctrine. In short, on the facts before us, we are unable to say that Joslin could not establish vicarious liability based upon the principle of ostensible agency.
 
 
 6
 2. Contractual indemnity for torts is recognized in Arizona. See INA Ins. Co. v. Valley Forge Ins. Co., 722 P.2d 975, 979 (Ariz.App.1986); Schweber Elecs. v. National Semiconductor Corp., 850 P.2d 119, 123-24 (Ariz.App.1992); First Nat'l Bank v. Otis Elevator Co., 411 P.2d 34, 35 (Ariz.App.1966). If, as YRMC asserts, there actually never was an express contract between it and the radiologists, we would not fault a district court determination that there was no express agreement for indemnity, despite the apparently unintended admission by the radiologists that there was an agreement. However, Arizona law also recognizes implied contractual indemnity, and it recognizes common law indemnity between tort-feasors where the negligence of one is active and the other is merely passive. See id.; Chirco Constr. Co. v. Stewart Title & Trust, 629 P.2d 1023, 1024-25 (Ariz.App.1981); Busy Bee Buffet v. Ferrell, 310 P.2d 817, 821 (Ariz.1957). Because on a tort theory YRMC may be held responsible for the acts of the radiologists, even though it stands in a passive position, indemnity is possible. Similarly, the district court did not consider whether implied contractual indemnity would apply here. Therefore, the summary judgment against YRMC must be set aside. Whether indemnification will ultimately be required on any basis remains to be seen.
 
 
 7
 By the same token, YRMC may be able to recover attorneys fees for its defense of the underlying action by Joslin. See Schweber Elecs., 850 P.2d at 125-26; INA Ins. Co., 722 P.2d at 982-83. Also, if YRMC's right to indemnity is found to be based upon an implied contract, it may be entitled to recover fees on its action to enforce that contract. See id. That could also entitle it to fees on appeal. See id.; see also Chevron U.S.A. Inc. v. Schirmer, 11 F.3d 1473, 1480 (9th Cir.1993). However, the case is far from over, and any consideration of an award of attorneys fees must await its completion. See Hellon & Assocs., Inc. v. Phoenix Resort Corp., 958 F.2d 295, 300 (9th Cir.1992). Therefore, we deny the request for fees without prejudice to its renewal at the conclusion of proceedings in the district court.
 
 
 8
 REVERSED and REMANDED for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3